F I L E D
United States Court of Appeals
Tenth Circuit

JUN 6 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID Y. MERRITT,

     Plaintiff-Appellant,

v.

KATHLEEN M. HAWK; PATRICK R.
KANE; BILL R. STORY; MICHAEL
B. COOKSEY; M.L. McELMURRY;
G.L. HERSHBERGER; LEE GREEN,

     Defendants-Appellees.

No. 96-1528
(D.C. No. 95-Z-2653)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.

     Plaintiff-Appellant David Y. Merritt, an inmate at the United States

Penitentiary Super Maximum Facility (ADX) at Florence, Colorado, brought this

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, *res judicata*, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Bivens action[1] against various ADX officials and guards, alleging that Merritt had

been repeatedly assaulted by known inmates and prison staff members at ADX,

and that the defendants had refused his repeated requests for protection from

these attacks. Merritt requested both monetary damages and other relief,

including preliminary injunctive relief and a temporary restraining order requiring

the defendants to place Merritt in protective custody.

The district court referred the matter to a magistrate judge, who, pursuant

to 42 U.S.C.A. § 1997e(g)(2) (Supp. 1997), scheduled an evidentiary hearing to

determine whether preliminary injunctive relief should be ordered. The hearing

lasted four days. At the end of the hearing, the magistrate judge took the matter

under advisement, and later issued a thorough written Recommendation that

Merritt's motion for preliminary injunctive relief be denied. Merritt v. Hawk, No.

95-Z-2653 (D. Colo. Sept. 24, 1996) (Recommendation of United States

Magistrate Judge). After considering Merritt's objections, the district court

adopted the magistrate judge's Recommendation. Merritt v. Hawk, No. 95-Z-

2653 (D. Colo. Oct. 23, 1996) (unpublished Order).

---

[1]See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (permitting certain civil rights actions to be brought against the federal government).

Merritt now appeals the denial of his motion for preliminary injunctive relief or a temporary restraining order. We exercise jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) (1994).

As a threshold matter, we must address the status of the record on appeal. Merritt timely filed a three-volume record on appeal in full compliance with 10th Cir. R. 10.3.1. Volume III of the record on appeal contains an official transcript of the district court's oral statement of its findings and conclusions, as required by 10th Cir. R. 10.3.1(c). At the same time he filed the three-volume paper record, Merritt also filed cassette tape recordings of the four-day evidentiary hearing presided over by the magistrate judge.

Subsequently, Merritt filed two motions to supplement the record on appeal. Both motions seek the admission of unofficial self-typed transcripts of the four-day hearing, "in hopes of assisting The Court in locating what [Merritt] believes supports his appeal." (Motion For Leave To File Only Originals of Appendices C & D). Apparently, Merritt could not afford the cost of obtaining official transcripts of the hearing.[2]

---

[2]Merritt has paid his filing fees at every step of the present litigation, and is *not* proceeding *in forma pauperis*. Thus, he may not avail himself of our procedure which allows certain impoverished *pro se* appellants, with leave of the court, to obtain certain transcripts at government expense. See 10th Cir. R. 11.2.

Under 10th Cir. R. 10.1.1, "[i]t is the appellant's responsibility to order and provide all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings insofar as such proceedings relate to the issues raised on appeal. . . ." Although 10th Cir. Rule 10.1.1 does not expressly refer to "*official* transcripts," it is clear from the requirement that transcripts be "order[ed]" that transcripts must be official. See also Fed. R. App. P. 10(b)(4) (requiring the appellant "to make satisfactory arrangements with the reporter for payment of the cost of the transcript."), and 10th Cir. R. 10.1.2 ("Transcripts must be ordered in accordance with Fed. R. App. P. 10(b), using forms provided by the district court.").

On the other hand, the Federal Rules of Appellate Procedure recognize that there may be occasions in which official transcripts are unavailable, but other-- albeit less reliable--evidence of proceedings may be obtained. Upon such occasions:

> if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal.

Fed. R. App. P. 10(c).

In the present case, we need not rule on Merritt's motions to supplement the record because, even if we were to consider Merritt's proffered evidence of the evidentiary hearing before the magistrate judge, we would not be able to conclude that the district court abused its discretion in denying Merritt's motion for preliminary injunctive relief. As we have recently said:

> We review a district court's denial of a preliminary injunction for abuse of discretion. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980). 'An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling.' In re Coordinated Pretrial Proceedings in Petro. Prod. Antitrust Litig., 669 F.2d 620, 623 (10th Cir. 1982). Because a preliminary injunction is an extraordinary remedy, 'the right to relief must be clear and unequivocal.' SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991).
>
> To obtain injunctive relief, a party must establish that: (1) it will suffer irreparable injury unless an injunction is issued; (2) its threatened injury outweighs any harm the proposed injunction may cause to the opposing party; (3) it will likely prevail on the merits of the litigation; and (4) an injunction, if issued, would not be adverse to the public interest. Lundgrin, 619 F.2d at 63.

Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1997 WL 193941, at *3 (10th Cir. Apr. 22, 1997).

It is clear that both the magistrate judge and the district court applied the proper legal standard in deciding Merritt's motion. See Merritt v. Hawk, No. 95-Z-2653, slip op. at 2 (D. Colo. Sept. 24, 1996) (Recommendation of United States Magistrate Judge); Merritt v. Hawk, No. 95-Z-2653, slip op. at 2 (D. Colo. Oct.

23, 1996) (unpublished Order). Based on that standard, and after reviewing the record, we are satisfied that the evidence before the magistrate judge established a rational basis for his recommendation, and that the evidence before the district court established a rational basis for its ruling on Merritt's motion. We therefore affirm the district court's Order.

## CONCLUSION

We DENY AS MOOT Merritt's Motion For Leave To File Appendices A & B. We also DENY AS MOOT Merritt's Motion For Leave To File Only Originals of Appendices C & D. We AFFIRM the Order of the district court denying Merritt's Motion for TRO & Preliminary Injunction.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge